ROOD vs. THE AMERICAN EXPRESS COMPANY.

*Evidence sufficient to sustain verdict.*

On the questions of fact in this case, viz., whether defendant's servant in charge of its team was guilty of negligence which caused a collision with plaintiff's team, and whether defendant was guilty of contributory negligence, the evidence is held sufficient to sustain the verdict and judgment.

APPEAL from the County Court of *Milwaukee* County.

Action for injuries to the plaintiff's horse, buggy and harness, alleged to have been caused by negligence of defendant's servant, while driving a horse and wagon belonging to the defendant, in a public street in the city of Milwaukee. There was a special verdict, consisting of answers to sixteen interrogatories, and no general verdict. The facts found by the

special verdict were substantially as follows: That the injuries complained of were caused by a collision between defendant's wagon and that of the plaintiff; that at the time of the collision plaintiff's horse, attached to his wagon, was hitched in a good and sufficient manner; that prior to the collision the axle of the defendant's wagon was broken, through negligence of the driver in crossing a railroad track; that defendant's horse was not an ordinarily gentle one, and safe to drive on that street at that time; that defendant's driver negligently let go of the lines, after the breaking of the axle, and voluntarily got out of the wagon, and that he was guilty of negligence in not remaining on his seat, and guiding and controlling the horse to the best of his ability; that, in consequence of such negligence, defendant's wagon collided with that of the plaintiff, and such collision caused plaintiff's horse to break its bit, and run away and do the injuries complained of; that plaintiff was not guilty of any fault or neglect which contributed to produce the collision or the injuries; and that his damages from such injuries were $139.

The court refused to set aside the verdict, and rendered judgment for the plaintiff in accordance therewith; and defendant appealed from the judgment.

For the appellant, there was a brief by *Finches, Lynde & Miller*, and oral argument by *H. M. Finch*.

For the respondent, there was a brief by *S. W. Granger*, his attorney, with *James Hickcox*, of counsel, and oral argument by *Mr. Hickcox*.

Cole, J.    There is really no disagreement between counsel in regard to the legal principles which govern this case. It is practically conceded that each party was bound to the exercise of reasonable diligence, in view of all the circumstances, in hitching, driving and managing his horse upon and along the street, and in providing a safe harness and wagon. The law imposed upon each the same duty or obligation in these

respects, in order to avoid doing injury to others. If the plaintiff, by his own want of ordinary care and prudence in hitching his horse in the manner and where he did, contributed to produce the injury, he cannot recover. But if, on the other hand, he was without fault, and the injury was occasioned by the negligent act of the servant of the defendant in driving or managing his horse or wagon, then the defendant is liable for the damages resulting from such carelessness. In answer to specific questions submitted, the jury found that the plaintiff was guilty of no fault or negligence; that his horse was hitched in a good and sufficient manner, and with a good strap fastened into a good and sufficient bit, at the time of the collision. The jury likewise found that the injuries complained of were caused by a collision between the plaintiff's and defendant's wagons; and that the servant of the defendant was guilty of carelessness or negligence in the driving or management of the horse of the defendant, which caused this collision. The jury specify as acts of carelessness on the part of the driver, his voluntarily getting out of the wagon on the breaking of the axle, instead of remaining in his seat and guiding and controlling his horse to the best of his ability; and that he carelessly let go of the lines at or about the time he got out, which occasioned the collision. It is apparent that these findings involve questions of fact depending upon the evidence, and seem to be conclusive of the rights of the parties. That there was evidence to support the findings, cannot, we think, fairly be denied. It is claimed by the learned counsel for the defendant, that the jury were wrong as to the measure of diligence demanded of the driver, and in finding that due care required him to remain in his seat after the axle broke, and guide and control *his horse to the best of his ability*. The driver, it is said, was not bound to any such rule of diligence as to sacrifice either life or limb by remaining in the wagon for the purpose of stopping or checking his horse. We do not think the evidence shows that the driver would have been in any such

peril or danger by remaining in the wagon; and the verdict should not be construed as affirming any such rule of liability. The hind axle broke in consequence of careless driving across the track of the horse railroad in the street, and the jury might well have found, considering that the horse was "*going very slow*" at the time, as the driver testified, that ordinary prudence required him to remain in the wagon and try to stop the horse. But, instead of doing that, the jury found that he negligently let go the lines, and voluntarily got out of the wagon. At all events, it was a fair question for the jury to determine from the evidence, in view of all the circumstances attending the accident—the fact that the axle broke while passing, at a moderate gait, along one of the principal business streets of the city of Milwaukee, where there would naturally be many travelers and carriages exposed to a horse running away—whether a prudent driver in the exercise of proper care would have let go the lines, got out of the wagon, and left his horse to run, as it appears the defendant's driver did, or whether he would have remained in the wagon and tried to control his horse so as to prevent him doing injury to others. And as the jury have found that the driver did not exercise that diligence which the law imposed under the circumstances, but was careless and negligent in these respects, it follows that the defendant is responsible for the damages resulting therefrom.

The same counsel further insisted that the undisputed evidence showed contributory negligence on the part of the plaintiff, in leaving his horse and buggy in the street where he did, hitched with a strap to a defective bit. But the jury have negatived any fault on the part of the plaintiff, by finding that his horse was hitched in a good and sufficient manner, with a good strap fastened into a good and sufficient bit. This disposes of the question of contributory negligence.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court.* — Judgment affirmed.